UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



VERNON SHYVERS, Individually,

    Plaintiff,

vs.

Case No. 2:16cv443

LANDMARK HOTEL GROUP, LLC., a
Limited Liability Company

    Defendant.

_____/

## COMPLAINT

Plaintiff, VERNON SHYVERS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, LANDMARK HOTEL GROUP, LLC., a Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Vernon Shyvers, is an individual residing in Lauderhill, Fla, in the County of Broward.

2. Defendant's property, Crown Plaza, is located at 4453 Bonney Road, Virginia Beach, VA 23642.

3. Venue is properly located in the Eastern District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over Plaintiff's state court claim pursuant to 28 USC § 1367.

5. Plaintiff Vernon Shyvers is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr Shyvers, who is paraplegic and uses a wheelchair to ambulate travels to the Norfolk, Virginia area to visit with immediate family members, including his son, grandchildren, sister and cousin who reside in the area. On July 9th, 2015 and on June 9th, 2016, Mr Shyvers stayed at the Crown Plaza, Virginia Beach and plans to return to the property, pursuant to confirmed reservation, on October 21st, 2016, to avail himself of the goods and services offered to the public at this property, provided the barriers to access and ADA violations have been corrected.

6. The Plaintiff has encountered architectural barriers at the subject property, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property. The ADA violations and barriers to access at this property are more specifically set forth in this Complaint.

## COUNT I

### (VIOLATION OF TITLE III OF THE ADA) (INJUNCTIVE RELIEF DEMANDED)

The allegations set forth above are incorporated by reference as if fully set forth herein.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The

2

place of public accommodation that the Defendant owns, operates, leases or leases to is known as Crown Plaza, and is located at located at, 4453 Bonney Road, Virginia Beach, VA 23642.

8. Vernon Shyvers has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Vernon Shyvers desires to visit the Crown Plaza not only to avail himself of the goods and services available at this facility but to assure himself that this facility is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspection of the Crown Plaza has shown that violations exist. These violations personally encountered or observed by Vernon Shyvers include, but are not limited to:

### General Sites and Building Elements

    a.    There are designated accessible parking spaces that are not located on the shortest accessible route to the accessible entrances they serve, as required in Section 208.3.1 of the 2010 Standards, which remedy is readily achievable.

    b.    There is a passenger loading zone that does not provide a marked access aisle to discourage vehicles from parking there, in violation of Section 503.3.3 of the 2010 Standards, which remedy is readily achievable.

    c.    There are designated accessible parking spaces that do not have an access aisle adjacent to the space as required, violating Section 502.3 of the 2010 Standards, which remedy is readily achievable.

    d.    There are designated accessible parking spaces that have an uneven surface, violating Section 502.4 of the 2010 Standards, which remedy is readily achievable.

### Accessible Routes

    a.    Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7.1of the 2010 Standards, which remedy is readily achievable.

    b.    There are ramps at the facility that contain excessive cross slopes in violation of Section 405.3 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

    c.    There are ramps at the facility that lack handrails on one or both sides as required in Section 405.8 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

    d..    There are changes in level greater than ½" on the accessible route that do not comply with the requirements of Section 303.4 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

    e.    There are stairs provided at the facility that do not have the required handrails, violating Sections 505 and 504.6 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

    f.    There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

g. There are areas along the accessible route where the cross slope exceeds the maximum allowed in Section 403.3 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

h. There are curb ramps at the facility that have side flare slopes that are steeper than the maximum allowed in Section 406.3 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

i. There are curb ramps that do not provide a level landing at the top of the ramp as required, violating Section 406.4 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

j. There are curvilinear ramps that do not have level landings where the ramp changes direction. Circular or curved ramps continually change direction creating compound cross slopes and cannot, by their nature, meet the requirement for accessible routes as per Section 405.7 of the 2010 ADA Standards, whose remedy is readily achievable.

**Access to Goods and Services**

a. The dining tables do not provide knee and toe clearance, violating Sections 303.6 and 902.2 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

**Public Restrooms**

a. The lavatory in the Men's toilet room have exposed pipes and are not insulated to prevent contact, violating of Sections 213.3.4 and 606.5 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

b. The lavatory apron does not allow for the required knee clearance, violating Section 606.2 and 306 of the 2010 Standards, which remedy is readily achievable.

c. There is more than one public restroom at this facility, however, only one is accessible. The inaccessible restroom does not provide the required directional signage directing persons with disabilities to the accessible public restrooms, violating Section 216.8 of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

### Accessible Guest Rooms

    a. The rooms for disabled use provide elements with controls and dispensers outside of the required reach ranges, violating Sections 308.2.1 or 308.3.1 of the 2010 ADA Standards, which remedy is readily achievable.

    b. The curtain control wands require tight grasping and pinching to operate, violating Section 309.4 of the 2010 Standards, which remedy is readily achievable.

    c. The water closet rear grab-bar in the guest room does not extend 12" minimum from the centerline of the water closet. The side-wall grab bar does not extend 54" from the rear wall, violating Sections 604.5 of the 2010 ADA's standards, which remedy is readily achievable

    d. The water closet in the restroom does not provide the clear floor space as required in Section 604.3 of the 2010 ADA Standards, which remedy is readily achievable.

    e. The mirror in the restroom is mounted above the maximum height of 40" above the finished floor to the reflective surface, violating Section 603.3 of the 2010 ADA Standards, which remedy is readily achievable.

    f. The bath tub faucet controls are located at the center of the tub, not between the centerline of the tub and its entrance as required in Section 607.5 of the 2010 ADA Standards, which remedy is readily achievable.

    g. The grab bars in the bath tub are not the required length and are not mounted according to Section 607.4 of the 2010 ADA Standards, which remedy is readily achievable.

    h. The shower spray unit is mounted above the maximum height allowance and does not provide the on/off switch as required in Section 607.6 of the 2010 Standards, which remedy is readily achievable.

    i. The disabled rooms are not properly dispersed among the various class of hotel accommodations in violation of Standards 224.5.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and their facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. The foregoing violations violate the 1990 Americans with Disability Act Guidelines (ADAAG), as well as the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility are those which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Crown Plaza to

make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## VIRGINIA STATE CLAIM (DAMAGES)

18. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs.

19. Defendant's property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

20. The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

21. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

22. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE**, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

    d.    The Court issue a Declaratory Judgment that the Defendant has violated the Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Respectfully submitted,

Dated: 7/20/16 , 2016

_____
Scott J Flax, Esq.
VA Bar No. 68150
TAVSS FLETCHER MAIDEN & REED, P.C.
555 E. Main Street, 14th Floor
Norfolk, VA 23510
(757) 625-1214
(757) 622-7295- Facsimile Email: scott@tavss.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199; (305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Counsel for Plaintiff Vernon Shyvers